UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 16161782 CANADA INC., A CANADIAN CORPORATION and 12018900 CANADA INCORPORATED, Plaintiffs, | Case No. 1:25-cv-08543-DEH |
| v. | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| DANYLO MOGYL'NYY, Defendant. | |

DALE E. HO, U.S.D.J.:

WHEREAS, certain information and documents may be sought, produced, or exhibited by and among the parties to the above-captioned action (the "Action"), or by third parties in connection with the Action, which the party making the production believes in good faith to constitute trade secrets, proprietary business information, competitively sensitive information, or personal, medical, business, or financial information;

WHEREAS a protective order would facilitate the production, exchange, and discovery of documents, testimony, and information in connection with the Action while preserving the parties' respective positions as to whether or not particular documents, testimony, or information merit confidential treatment; and

WHEREAS this matter has come before the Court, by stipulation of the parties, for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below, and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause

having been shown;

IT IS hereby ORDERED that:

1. This Stipulated Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") shall govern the handling of documents and all other information produced by or between the parties to the Action or by third parties in connection with the Action, including all documents and information produced pursuant to interrogatories, depositions, requests for production of documents, subpoenas, requests for admissions, or other requests for disclosures (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

2. As used herein:

(a) "Confidential Information" shall mean all documents, electronically stored information, testimony, and information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by any party or third party pursuant to the terms of this Protective Order, including the contents and all copies, excerpts, extracts, and summaries of such documents, testimony, and information, provided that such designation has not been successfully challenged and finally revoked pursuant to paragraph 12 herein. "Confidential Information" also includes information derived from any such document.

(b) "Producing Party" shall mean the party to this Action and/or any nonparty producing "Confidential Information" in connection with depositions, document production, or otherwise.

(c) "Receiving Party" shall mean the party to this Action and/or any nonparty receiving "Confidential Information" in connection with depositions, document production, or otherwise.

(d) "Qualified Person" shall mean any person authorized to receive or review Confidential Information pursuant to paragraphs 7 or 8 herein.

3. The person designating any discovery material as "Confidential" may designate as "Confidential" material including but not limited to (a) information revealing prospective business pipelines, including information identifying non-public clients, prospective clients, and information describing contracts, pitches, proposals, negotiations, or other confidential commercial relationships with non-public clients and/or prospective clients; (b) data, results, details, and analyses related to operations carried out for clients or prospective clients under confidential commercial relationships; (c) financial information not previously disclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (d) material not previously disclosed to the public relating to ownership, control, or corporate governance of any nonpublic company; (e) business plans, product development information, or marketing plans not previously disclosed to the public; (f) trade-secret, commercially sensitive, and/or proprietary information not previously disclosed to the public; (g) any information of a personal or intimate nature regarding any individual, including information required to be redacted in public filings pursuant to Federal Rule of Civil Procedure 5.2, and personal identifying information protected from disclosure by federal or state privacy laws; (h) any other information of a proprietary or confidential nature within the meaning of Federal Rule of Civil Procedure 26; or (i) any other category of information hereinafter given confidential status by the Court.

4. The person designating any discovery material as "Highly Confidential—Attorneys' Eyes Only" may designate as "Highly Confidential—Attorneys' Eyes Only" any discovery material containing extremely sensitive, highly confidential, non-public information, the disclosure of which to an opposing party or its employees would create a substantial risk of competitive or business injury to the Producing Party.

5. Any party, subpoenaed nonparty, or other third party whose information may be disclosed in connection with this Action may designate documents produced, testimony given, or other information exchanged in connection with this Action as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" either by notation on the document, statement on the record of the deposition, designation pursuant to paragraph 11 or 13 herein, or written advice to the respective undersigned counsel for the parties hereto. Electronic documents and information, if any, shall be designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by any of the foregoing methods or pursuant to a procedure to be agreed upon by the parties.

6. All Confidential Information shall be used solely for the purpose of this Action, and no person receiving such Confidential Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information to any person other than Qualified Persons. Any other use or disclosure is prohibited.

7. Except with the prior written consent of the Producing Party or by order of the Court, any discovery material designated as "Confidential" shall not be furnished, shown, or disclosed to any person or entity except to:

a. the parties in this Action, including employees, officers, or directors of any affiliate of the parties who are assisting in the Action or who are involved in the operating and/or management of any party's business or legal functions;

b. counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

c. persons shown on the face of the document to have authored the document or received it prior to commencement of the Action;

d. copying, imaging, computer services, and/or litigation support services who are bound to protect Confidential Information either by their services contract with counsel or the Receiving Party or by execution of the confidentiality agreement attached hereto as Exhibit A;

e. any agreed-upon or ordered mediator and that mediator's personnel;

f. persons whom counsel of record for a party in good faith believes are likely to be called to give testimony, through deposition, affidavit, or at trial, on matters relating to Confidential Information; provided, however, that such information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

g. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

h. the Court and court personnel, provided that the Confidential Information is filed in accordance with paragraph 13 herein or otherwise disclosed in accordance with paragraph 14 herein;

i. an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraph 15 herein;

j. trial and deposition witnesses, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraphs 14 and 15, respectively, herein; and

k. any other person agreed to in writing by the parties.

8. Absent written authorization from all parties or leave of Court, any discovery material designated as "Highly Confidential—Attorneys' Eyes Only" shall not be furnished, shown or disclosed to any person or entity except to:

a. counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

b. persons shown on the face of the document to have authored the document or received it prior to commencement of the Action;

c. copying, imaging, computer services, and/or litigation support services who are bound to protect Confidential Information either by their services contract with counsel or the Receiving Party or by execution of the confidentiality agreement attached hereto as Exhibit A;

d. any agreed-upon or ordered mediator and that mediator's personnel;

e. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

f. the Court and court personnel, provided that the Confidential Information is filed in accordance with paragraph 13 herein or otherwise disclosed in accordance with paragraph 14 herein;

g. an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraph 16 herein;

h. trial and deposition witnesses, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraphs 14 and 15, respectively, herein; and

i. any other person agreed to in writing by the parties.

9. Subject to paragraph 16, before any disclosure of Confidential Information is made to any person pursuant to paragraph 7(f), 7(g), 7(k), or 8(e), 8(h), or 8(i) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto. Counsel shall maintain the executed confidentiality agreements required by this Protective Order and supply a copy to counsel for the other party upon request; provided, however, that with respect to experts and consultants, counsel for the party shall not be required to supply a copy to counsel for the other party unless and until that expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

10. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation. Any party producing such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents.

11. With respect to objections to designations of documents and information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," a party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" at the time made. In the event that any party to this Action disagrees at any stage of these proceedings with the designation by the Producing Party of any information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," or the designation of any person as a Qualified Person, that party may serve upon counsel for the designating party a

written notice stating with particularity the grounds for the objection. The parties and any affected protected person shall then have 5 business days to meet and confer about this contention and attempt to resolve the disagreement over the classification of the material. If the parties and the affected protected person cannot resolve the matter within fourteen (14) days from the written notice, the designating party must submit a motion to the Court for resolution. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the information that is the subject of the motion in accordance with the Producing Party's designation. The Producing Party shall at all times carry the initial burden of establishing that the contested information merits a "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation.

12. All depositions, the information disclosed therein, and the transcripts thereof shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, any party who claims some part of the deposition shall be classified as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall notify all of the parties in writing of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter, including the appropriate tier of confidentiality. If no such line-by-line designation is made within 30 days, the presumptive treatment of the transcript as Confidential Information ends.

13. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information, shall

follow the procedures of this Court for seeking leave to file documents under seal so as to prevent the disclosure of Confidential Information to persons other than Qualified Persons. The party who designated the documents "Confidential" or "Highly Confidential—Attorneys' Eyes Only" will have the obligation to justify any sealing request.

14. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as agreed to by the parties or, upon motion of the disclosing party, as the Court shall deem necessary to preserve the confidentiality of such Confidential Information.

15. Any deposition witness who will be given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and counsel shall make reasonable efforts to have such person execute a confidentiality agreement in the form of Exhibit A attached hereto. If unable to obtain an executed confidentiality agreement from such person, counsel shall immediately and prior to the deposition provide notice to counsel for the other party and such party may seek relief from the Court regarding the terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information. Nothing herein, however, shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information. Further, no executed confidentiality agreement shall be required to show a current officer or employee of a party any

Confidential Information that was disclosed by that party, provided that such Confidential Information is reasonably necessary and relevant to eliciting the testimony of such officer or employee.

16. A party may designate as Confidential Information subject to this Protective Order any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof, where such information has not already been designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by the nonparty.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action.

18. In the event that the Receiving Party is requested or required (by oral questions, interrogatories, requests for information or documents in a legal proceeding, subpoena, civil investigative demand, other similar process, or rule of law) to disclose any Confidential Information in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy. Unless the Producing Party waives the protections of this Protective Order, the Receiving Party will not disclose any Confidential Information except pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidential Information.

19. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a Producing Party inadvertently discloses information subject to

the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the Producing Party informs the Receiving Party that privileged information has been disclosed, the Receiving Party (i) must promptly return or destroy the specified information except for one copy for the purpose of contesting the claim of privilege, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

20. In the event any person has violated or threatens to violate any terms of this Protective Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person. The existence, if any, of an adequate remedy at law shall not preclude the applying party from obtaining such relief.

21. This Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion

of this Action. The Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Protective Order following the final resolution of the Action.

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. Within sixty (60) days after entry of an order, judgment, or decree finally disposing of this Action, all Confidential Information produced or designated and all reproductions thereof, shall, subject to the exceptions below, be returned to the Producing Party or shall be destroyed. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain all pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, legal memoranda, correspondence, work-product, and attorney-client communications that include or are derived from Confidential Information. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24. This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by

properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

25. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

26. When serving any subpoena in this Action on a nonparty to the Action, a copy of this Protective Order shall be included with the subpoena.

27. This Protective Order shall be binding upon any future party to the Action.

28. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Dated: August 20, 2026

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

/s/ *Todd Rosenbaum*
Todd Rosenbaum
Daria Schieferstein
919 Third Avenue, 39th Floor
New York, NY 10017
Tel: (212) 935-3000
Fax: (212) 983-3115
TFRosenbaum@mintz.com
DSchieferstein@mintz.com

*Counsel for Defendant*

HWG LLP

/s/ *Stephen W. Miller*
Jonathan M. Baum
Stephen W. Miller
1919 M. St. NW, Eighth Fl.
Washington, D.C. 20036
Tel: (202) 730-1300
jbaum@hwglaw.com
smiller@hwglaw.com

*Counsel for Plaintiffs*

SO ORDERED ON August 20, 2026, 2026

The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Hon. Dale E. Ho
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 16161782 CANADA INC., A CANADIAN CORPORATION and 12018900 CANADA INCORPORATED,<br>Plaintiffs,<br><br>v.<br><br>DANYLO MOGYL'NYY,<br><br>Defendant. | Case No. 1:25-cv-08543-DEH<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

I, ________________________________________________, state that:

1. My address is_____________________________________________________.

2. My present employer is ____________________________________________.

3. My present occupation or job description is ____________________________.

4. I have received a copy of the Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "Protective Order") entered in the above-entitled action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or produced the

Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Executed on ______________________ (Date)

____________________________ (Signature)