UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

16161782 CANADA INC. (A CANADIAN CORPORATION) and 12018900 CANADA INCORPORATED,

Plaintiffs,

v.

DANYLO MOGYL'NYY,

Defendant.

25 Civ. 8543 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is Defendant Danylo Mogyl'nyy's Motion to Dismiss the First Amended Complaint ("FAC").[1] ECF No. 36. In the FAC, Plaintiffs 16161782 Canada Inc. and 12018900 Canada Incorporated's (collectively, "Plaintiffs" or "StratumAI") allege that Defendant violated the Computer Fraud and Abuse Act ("C.F.A.A."), 18 U.S.C. § 1030(a)(5) *et seq*. FAC ¶ 80, ECF No. 33. Plaintiffs also bring various state law claims against Defendant, including (1) conversion; (2) trespass to chattels; (3) breach of contract; (4) tortious interference with prospective economic advantage; (4) defamation; (5) breach of fiduciary duty or a duty of loyalty; (6) negligent misrepresentation; and (7) conspiracy to commit tortious interference with prospective economic advantage. Defendant moves to dismiss the FAC or, in the alternative, moves to strike portions of the FAC that he alleges are "scandalous" and "intended to harass" him. Mem. of L. in Supp. of Def.'s Mot. to Dismiss Pls.' FAC ("Def.'s Mem.") at 1-2, 23-25, ECF No. 39. Defendant's Motion to Dismiss and Motion to Strike are **DENIED**.

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

The parties have also moved to seal references to confidential business information filed in connection with a show cause hearing held before the Court on August 4, 2026, and propose redactions to the transcript of that hearing. *See* ECF Nos. 91, 94. Those motions are **GRANTED**.

**BACKGROUND**

The following section is drawn from the facts alleged in the Complaint, which are taken as true and construed in the light most favorable to Plaintiffs for the purposes of this motion. *See, e.g.*, *Empire Merchs., LLC v. Reliable Churchill LLP*, 902 F.3d 132, 139 (2d Cir. 2018); *Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

Plaintiffs 16161782 Canada Inc. and its wholly owned subsidiary 12018900 Canada Incorporated do business as StratumAI. FAC ¶¶ 40-42. StratumAI is a technology company that develops proprietary artificial-intelligence products for the mining industry. *Id.* ¶ 1. It is a Canadian corporation headquartered in Toronto, Ontario and conducts business in the United States and abroad. *Id.* ¶ 40. Mr. Mogyl'nyy is a co-founder of StratumAI and has been an employee of the company since October 24, 2020. *Id.* ¶ 44. He currently resides in Canada. *Id.* at 1.

While employed at StratumAI and while residing in New York City, Mr. Mogyl'nyy allegedly pitched outside investors on investing in a Series B investment round for StratumAI, without authorization from StratumAI's leadership. *Id.* ¶¶ 19-20, 39. After reviewing Mr. Mogyl'nyy's communications, StratumAI concluded that he had provided false information to potential investors, including allegedly misrepresenting the existence of a Series B investment round despite the company's lack of desire to raise such funds, misstating financial information about the company, and misidentifying to potential investors a "key investor" in that Series B round that had not invested at all. *Id.* ¶¶ 16, 18-20, 22. Following its investigation, StratumAI

determined that Mr. Mogyl'nyy breached his employment agreement with the company and placed him on leave on October 7, 2025. *Id.* ¶¶ 23, 51, 97, 99; FAC Ex. D, ECF No. 33-2.

Defendant maintains that, after his suspension, he returned to Canada on October 10, 2025. Def.'s Reply Mem. of L. in Further Supp. of Mot. to Dismiss ("Def.'s Reply Mem.") at 1, ECF No. 43. As alleged in the FAC, however, he took various actions that form the basis of the Plaintiffs' claims, while living, working, and remaining physically present in New York City. FAC ¶ 39. First, he made various disparaging and allegedly false comments about StratumAI leadership to one or more current or potential investors of StratumAI, including that StratumAI's CEO, Farzi Yusufali, "committed fraud" by misrepresenting StratumAI's annual revenue projections (its "annual run rate," or "ARR"). *Id.* ¶¶ 114, 115, 118. Mr. Mogyl'nyy's statements were understood by recipients as "statements of verifiable fact" and resulted in at least one investor not working with StratumAI. *Id.* ¶¶ 123, 128. Second, Mr. Mogyl'nyy maintained unauthorized control over StratumAI website domains and Google Workspace platform, which includes StratumAI's email capabilities and access to client files. *Id.* ¶¶ 28, 30. He used that control to lock StratumAI out of its own website domains and to attempt to block authorized personnel from accessing StratumAI's systems. *Id.* ¶¶ 29, 31. For example, he revoked multi-factor log-in credentials for 17 employees and changed the phone number that employees could use to recover their credentials from an authorized admin phone number to one not associated with StratumAI. *Id.* ¶ 76. As a result of Mr. Mogyl'nyy's unauthorized access, StratumAI experienced interruption of service and incurred investigation and remediation costs that totaled to $48,600 and 210 staff-hours valued at $31,500. *Id.* ¶ 79.

## DISCUSSION

Defendant brings a Motion to Dismiss under Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(5) of the Federal Rules of Civil Procedure, and based on *forum non conveniens*; and, in the alternative, moves to strike certain paragraphs of the Plaintiff's Amended Complaint.

### I. Rule 12(b)(1) Motion to Dismiss

#### A. Legal Standard

"A district court properly dismisses an action under [Rule] 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l.*, 790 F.3d 411, 416-17 (2d Cir. 2015). In resolving a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010).

#### B. Application

After reviewing the pleadings, the Court concludes that the Plaintiffs have satisfactorily established federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs claim that Defendant violated the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. *See* FAC ¶¶ 74-81. Anyone who "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage" is liable under the Act. 18 U.S.C. § 1030(a)(5)(B). Additionally, "[a]ny person who suffers damage or loss by reason of

a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." *Id.* § 1030(g).

Here, Plaintiffs allege that "Defendant intentionally accessed protected computers and online systems belonging to StratumAI without authorization" by changing employee log-in credentials and recovery phone numbers. FAC ¶¶ 75-76. Plaintiffs further allege that "Defendant's conduct caused damage and loss to StratumAI," including requiring the company to spend money and staff-hours to investigate and remediate the consequences of Defendant's unauthorized access. *Id.* ¶¶ 78-79. "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *Morrison*, 547 F.3d at 170, so the Court concludes that Plaintiffs have adequately alleged a claim derived from federal law against Defendant and have therefore established subject matter jurisdiction under 28 U.S.C. § 1331. By extension, the Court may also exercise supplemental jurisdiction over Plaintiffs' state-law claims through 28 U.S.C. § 1367. Therefore, Defendant's Motion to Dismiss on Rule 12(b)(1) grounds is **DENIED**.

## II. Rule 12(b)(2) Motion to Dismiss

### A. Legal Standard

"On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a plaintiff must 'make a prima facie showing that jurisdiction exists.'" *Rubenstetn v. Ishizuka*, 23 Civ. 4332, 2025 WL 1489375, at *3 (S.D.N.Y. May 23, 2025) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)). A court draws all reasonable inferences and resolves all factual conflicts in the plaintiff's favor. *See Abalu v. Soc'y of Hum. Res. Mgmt.*, 24 Civ. 5917, 2025 WL 1019199, at *11 (S.D.N.Y. Apr. 4, 2025). And when a court relies on affidavits and pleadings to decide a Rule 12(b)(2) motion to dismiss, "the plaintiff need only make a prima facie showing" that the court has personal jurisdiction over

a defendant. *GE Renewables N. Am., LLC v. SFK USA Inc.*, No. 23 Civ. 9274, 2025 WL 437890, at *2 (S.D.N.Y. Feb. 7, 2025) (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)). "A plaintiff must both 'have a state-law statutory basis for jurisdiction and demonstrate that the exercise of personal jurisdiction comports with due process.'" *GE Renewables*, 2025 WL 437890, at *2 (quoting *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018)).

**B. Application**

Here, Defendant argues that Plaintiffs have not sufficiently established this Court's personal jurisdiction over him. First, he argues that Plaintiffs have not established that the Court has general personal jurisdiction. "General jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'" *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017). According to Defendant, he is not "at home" in New York and so the Court can therefore not establish general personal jurisdiction over him. Def.'s Reply Mem. 2-4.

Second, Defendant also argues that the Plaintiffs have not established that the Court has specific personal jurisdiction over him. In New York, the Court can have specific personal jurisdiction over defendants under N.Y. C.P.L.R. § 302. C.P.L.R. § 302(a)(1) permits courts in New York to exercise personal jurisdiction over any non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." C.P.L.R. § 302(a)(2) permits courts in New York to exercise personal jurisdiction over "any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." Defendant argues that Plaintiffs have not established that their claims arise out of Defendant's transaction of business in New York, and therefore cannot satisfy the requirements of C.P.L.R. § 302(a)(1). Def.'s Reply

Mem. at 5. Defendant further asserts that C.P.L.R. § 302(a)(2) does not permit Plaintiffs to bring a defamation suit against Defendant, who is ostensibly not domiciled in the District. *Id.* at 6-7.

The Court disagrees. Under New York's long arm statute, a plaintiff may establish personal jurisdiction over a non-domiciliary defendant through the existence of even a "single act" evincing business within New York relating to the claims at issue. *See Noval Williams Films Inc. v. Branca*, 128 F. Supp. 3d 781, 788 (S.D.N.Y. 2015). "The arising from element does not require a causal link between the defendant's New York business activity and a plaintiff's injury, but rather a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 295 F. Supp. 3d 404, 411 (S.D.N.Y. 2017) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168-69 (2d Cir. 2013)). Furthermore, the "statute's reference to business is read broadly as purposeful activities, without any limitation to commercial transactions." *Noval Williams Films*, 128 F. Supp. 3d at 788 (quoting *Perez v. Reno*, 97 Civ. 6712, 2000 WL 686369, at *3 (S.D.N.Y. May 25, 2000)).

Plaintiffs have adduced personal email correspondence from March 15, 2024 in which Defendant stated that he "formally moved to the US," referencing co-occupying a New York City apartment with his wife, Linna Li. Pls.' Opp. to Def.'s Mot. to Dismiss ("Pls.' Opp.") Ex. G at 2, ECF No. 42-7. Further, they have pled and shown through records of sixteen business meetings that Defendant undertook business on behalf of StratumAI in person in New York during his time living in the state and working for StratumAI, including up to September 2025. Pls.' Opp. Ex. S, ECF No. 42-19. Defendant does not contest these allegations. These facts are sufficient to confer specific personal jurisdiction over him for claims arising from his acts within the scope of his employment with StratumAI, even as a non-domiciliary based and employed outside New York. *See Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 514 (S.D.N.Y. 2016) (finding specific personal

jurisdiction where individual and corporation outside New York traveled to New York three times, allegedly on personal business, but transacted commercial business in New York during those visits).

Further, Plaintiffs' defamation claim is predicated on Defendant's transaction of business within New York—in particular, allegedly defamatory statements made to, among others, New York-based investors, FAC ¶¶ 17, 39. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244-47 (2d Cir. 2007).

And finally, Plaintiffs have established specific personal jurisdiction as to the C.F.A.A. and related tort claims arising from Mr. Mogyl'nyy's alleged misuse of Plaintiffs' computer servers, because Defendant "used New York-based devices, networks, and accounts" to commit the alleged unlawful acts, FAC ¶ 39 (c), thus establishing jurisdiction under C.P.L.R. § 302(a)(2).

In sum, resolving all reasonable inferences and factual conflicts in favor of the Plaintiffs, this Court concludes that Plaintiffs have established that Defendant conducted sufficient business and committed acts within the District that give rise to Plaintiffs' various claims so as to satisfy C.P.L.R. § 302(a)(1) for purposes of this stage of the litigation. Accordingly, the Motion to Dismiss on Rule 12(b)(2) grounds is **DENIED**.

## III. Rule 12(b)(3) Motion to Dismiss

### A. Legal Standard

Venue is proper in a district where "any defendant resides," 28 U.S.C. § 1391(b)(1), or where "a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(2). "[I]f there is no district in which an action may otherwise be brought" by 28 U.S.C. § 1391(b)(1) or 28 U.S.C. § 1391(b)(2), venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction." *Id.* § 1391(b)(3). "[O]n a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show

that venue is proper." *GE Renewables*, 2025 WL 437890, at *2 (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007)). "In ruling on a motion to dismiss for improper venue under Rule 12(b)(3), the Court accepts as true all factual allegations in the non-moving party's pleadings and draws all reasonable inferences in that party's favor." *Stonegardens Advisory LLC v. DeepMedia.AI*, No. 24 Civ. 2178, 2024 WL 5047628, at *8 (S.D.N.Y. Dec. 9, 2024). "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue." *Id.*

**B. Application**

Here, Plaintiffs have adequately established a prima facie case that venue is appropriate in this District under 28 U.S.C. § 1391(b)(2). Plaintiffs argue that "a substantial part of the events giving rise to the claims occurred here," FAC ¶ 38, including that while Defendant was physically present in New York City, Defendant communicated with investors and transmitted defamatory emails to StratumAI investors (including investors located in New York) using New York-based devices, networks, and accounts. *Id.* at ¶¶ 39, 58. "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial." *Daniel v. American Bd. Emergency Med.*, 428 F.3d 408, 433 (2d. Cir. 2005). Here, Defendant's acts in New York bear a close nexus to Plaintiffs' claims and, thus, Plaintiffs have established venue for purposes of this stage of the litigation. The motion to dismiss on Rule 12(b)(3) grounds is **DENIED**.

**IV. Rule 12(b)(5) Motion to Dismiss**

Defendant argues that Plaintiffs have not properly effected service on the Defendant in contravention of the Hague Convention. Def.'s Reply Mem. at 10.

### A. Legal Standard

"When a defendant moves for dismissal for inadequate service of process pursuant to Rule 12(b)(5), the plaintiff 'bears the burden of establishing that service was sufficient.'" *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 215 (S.D.N.Y. 2021) (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order)). "In considering a motion to dismiss pursuant to Rule 12(b)(5), the Court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether service was proper." *Id.* If the Court finds insufficient service, "the Court may dismiss the case or may, in its discretion, retain the case, quash service, and direct that service be effectuated properly." *Id.* at 217. "[D]ismissal is not mandatory when service of process is improper. Motions under . . . Rule 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the court a course of action other than simply dismissing the case when defendant's defense or objection[ ] is sustained." *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.,* 775 F. Supp. 133, 138 n.2 (S.D.N.Y. 1991). "[C]ourts are permitted to extend the time to serve the summons and complaint, even in the absence of good cause, and even after the deadline for service has already expired." *In re Motors Liquid. Co.*, 565 B.R. 275, 291 (Bankr. S.D.N.Y. 2017).

### B. Application

Defendant asserts that, despite his counsel providing Plaintiffs with his Canadian address on December 19, 2025, Plaintiffs have not served Defendant. Def.'s Reply Mem. at 10. But even where a defendant has not actually received a summons and complaint, dismissal for deficient service of process is improper where a plaintiff has complied with the requirements of the Hague Convention, a defendant has actual notice of a lawsuit initiated against them, and the defendant cannot show some prejudice that has resulted from the allegedly deficient service. *See Unite Natl. Retirement Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 334 (S.D.N.Y. 2008) (even where summons

and complaint were not delivered, dismissal for deficient service of process to a defendant in Mexico was improper where plaintiff complied with the Hague Convention, defendant had actual notice of the lawsuit, and defendant did not show prejudice in connection with lack of service).

Here, Plaintiffs assert that they have attempted to personally serve Defendant multiple times and have been unable to reach the Defendant. Pls.' Opp. at 21. They have adduced evidence that they attempted to effect service properly through Hague Convention procedures on Defendant in Canada on February 6, 2026. Pls.' Opp. Ex. P, ECF No. 42-16. Defendant does not contest this evidence.

Nor does he deny actual notice. The "core function" of service is to provide notice "in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Here, Defendant has notice of Plaintiffs' action as evidenced by Defendant's Motion to Dismiss. *See, e.g., Gilliam v. Quinlan*, 608 F. Supp. 823, 829 n.3 (S.D.N.Y. 1985) ("the goal of Rule 4 is to ensure actual notice, which defendants have plainly received, as evidenced by their motion to dismiss"). And finally, Defendant makes no showing of prejudice.

Accordingly, dismissal based on improper service is inappropriate here. Defendant's motion to dismiss on Rule 12(b)(5) grounds is therefore **DENIED**.

## V. *Forum Non Conveniens*

### A. Legal Standard

"Any review of a *forum non conveniens* motion starts with a strong presumption in favor of the plaintiff's choice of forum." *Norex Petrol. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005). "[T]he degree of deference given to a plaintiff's forum choice varies with the circumstances" and "moves on a sliding scale depending on several relevant considerations." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (*en banc*). "[A] plaintiff's choice

of forum is generally entitled to great deference when the plaintiff has sued in the plaintiff's home forum[,] [b]ut . . . the choice of a United States forum by a foreign plaintiff is entitled to less deference." *Id.*; *accord Aenergy, S.A. v. Republic of Angola*, 31 F.4th 119, 128 (2d. Cir. 2022) ("[T]he District Court reasonably afforded less deference to the United States forum choice of AE—an entity incorporated in Angola—because it is a foreign plaintiff."). "[A] plaintiff's residence is relevant [to the level of deference given] to the extent that it shows that considerations of convenience, rather than gamesmanship and the pursuit of a favorable forum, motivated the decision to conduct the lawsuit in the United States." *Celestin v. Caribbean Air Mail, Inc.*, 30 F.4th 133, 145 (2d. Cir. 2022). "Factors weighing in favor of deference include the convenience of the plaintiff's residence . . . the availability of witnesses or evidence in the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense." *Wamai v. Indus. Bank of Korea*, No. 21-1956, 2023 WL 2395675, at *2 (2d Cir. Mar. 8, 2023).

When evaluating a *forum non conveniens* motion, the Court follows a three-step process articulated in *Iragorri*, 274 F.3d at 73-74. First, a court determines the degree of deference properly accorded the plaintiff's choice of forum. *Norex v. Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri*, 274 F.3d at 73-75). Second, the court considers whether the alternative forum proposed by the defendant is adequate to adjudicate the parties' dispute. *Id.* Third, a court balances the private and public interests implicated in the choice of forum. *Id.* "The moving party 'bears the burden of establishing that a presently available and adequate alternative forum exists, and that the balance of private and public interest factors tilts heavily in favor of the alternative forum.'" *Great Bowery Inc. v. Valnet, Inc.*, 812 F. Supp. 3d 338, 348 (S.D.N.Y. 2025) (quoting *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009)).

**B. Application**

Here, Plaintiffs' choice of forum is entitled to deference because certain "considerations of convenience" favor Plaintiffs' choice of a United States forum over a Canadian one. Regarding the availability of evidence, Plaintiffs note that "many of the witnesses" and "much of the evidence" are located in New York, "the communications Defendant sent to investors originated from New York," and "[d]iscovery will involve deposing New York witnesses." Pls.' Opp. at 19. Plaintiffs have also adequately demonstrated that there is personal jurisdiction in New York over Defendant, *see supra*, and thus, he is amenable to suit here. Finally, both Plaintiffs and Defendant have access to appropriate legal representation in New York.

For step two, Defendant has sufficiently demonstrated that Canada is an adequate alternative forum. "An alternative forum is adequate if (1) the defendants are amenable to service of process there, and (2) if it permits litigation of the subject matter of the dispute." *Aenergy, S.A.*, 31 F.4th at 130. Here, Defendant asserts—and Plaintiffs do not dispute—that he would be amenable to suit in Canada and that Canada permits litigation of the subject matter of the dispute. Def.'s Reply Mem. at 9-10.

However, in assessing the third consideration, the Court concludes that Defendant has failed to demonstrate that the private and public interest factors "weigh heavily" in favor of litigating this suit in an alternative forum. *Great Bowery*, 812 F. Supp. 3d at 348, 358. The Second Circuit articulated the specific private and public interest factors a court can consider in *Aenergy*:

> With respect to the private interest factors, we assess "the relative ease of access to sources of proof; [the] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; [the] possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." With respect to public interest factors, we consider "administrative difficulties associated with court congestion; the unfairness of imposing jury duty on a community with no relation to the litigation; the interest in having localized

> controversies decided at home; and avoiding difficult problems in conflict of laws and the application of foreign law."

*Aenergy, S.A.*, 31 F.4th at 132-33.

In this case, various private interest factors favor litigating the suit in this District, including the availability of witnesses and evidence in New York. Pls.' Opp. at 19. For example, Plaintiffs state that Defendant's fiancée, a key potential witness, lives in New York City. *Id.* In contrast, Defendant conclusorily asserts that "the potential witnesses are overwhelmingly likely to reside in Canada," but has provided no further examples of witnesses that are likely to reside in Canada. Def.'s Reply Mem. at 9. Defendant has also not contested Plaintiffs' representation that the relevant evidence is available in New York and not in Canada. Even if witnesses and evidence from Canada would "also be important in this litigation, they do not outweigh the evidence in New York to the extent that it suggests plaintiffs are forum shopping." *In re Optimal U.S. Litigation*, 837 F. Supp. 2d 244, 254 (S.D.N.Y. 2011). And even if foreign witnesses are uncooperative, the parties could obtain testimony from Canadian witnesses through letters rogatory under the Hague Convention. *See, e.g., Villella v. Chem. & Mining Co. of Chile Inc.*, 15 Civ. 2106, 2019 WL 171987, at *1 (S.D.N.Y. Jan. 11, 2019) (granting a motion to issue letters rogatory to a Canadian court in aid of discovery from Canadian third parties). "While proceeding under the Hague Convention is more time-consuming than compelling witnesses subject to process under the Federal Rules of Civil Procedure in the United States," the Defendant's burden does not appear to "reach the requisite level of oppressiveness or vexatiousness [for dismissal], because the relevance of the many witnesses is indeterminate at this time." *Anglo American Ins. Grp., P.L.C. v. CalFed Inc.*, 940 F. Supp 554, 564 (S.D.N.Y. 1996).

For the public interest factors, "[b]ecause neither party argues that the 'court congestion' [factor] favors either Canada or this District, the Court accepts that this factor is neutral." *Great*

*Bowery*, 812 F. Supp. 3d at 361. The remaining factors do not weigh heavily enough in favor of Defendant to merit dismissal. For the "unfairness of imposing jury duty on a community with no relation to the litigation" factor, *Aenergy, S.A.*, 31 F.4th at 133, "it cannot be said that this case will have *no* impact on the local community." *In re Optimal U.S. Litigation*, 837 F. Supp. 2d at 260-61, because Defendant's actions, including his unauthorized access to StratumAI computers, were allegedly conducted in New York while Defendant was physically present in New York City. Pls.' Opp. at 19.

For the "the interest in having localized controversies decided at home" factor, *Aenergy, S.A.*, 31 F.4th at 133, "[t]his factor requires an evaluation of which forum possesses a stronger local interest in the controversy." *LaSala v. Bank of Cyprus Public Co. Ltd.*, 510 F. Supp. 2d 246, 261 (S.D.N.Y. 2007). Defendant conclusorily argues that "[t]he core dispute is local to Canada," Def.'s Mem. at 22, but provides no substantive reasons why Canada would have a localized interest in this dispute. Plaintiffs argue that "New York has a significant public interest in adjudicating disputes in which an employee devised and implemented a scheme to harm his employer's business—particularly where, as here, the alleged wrongdoing was conceived and initiated within the state." Pls.' Opp. at 19. If Plaintiffs' allegations are true, New York has a strong local interest in ensuring that claims arising from harms done in New York are adjudicated in New York. In any case, at minimum, the Defendant has not established that Canada has a clearly stronger interest in this dispute.

For the difficulties arising from "conflict of laws and the application of foreign law" factor, *Aenergy, S.A.*, 31 F.4th at 133, the majority of the claims brought herein are based on United States and New York laws. Although Defendant argues that Plaintiffs' breach of contract claim implicates Canadian law, Def.'s Reply Mem. at 5-6, he has "failed to demonstrate that application of Canadian law would be unusually difficult or burdensome to this Court." *United Feature*

*Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 209 (S.D.N.Y. 2002); *see also Manu Int'l, S.A. v. Avon Prods., Inc.*, 641 F.2d 62, 67 (2d. Cir. 1981) ("[T]he need to apply foreign law is not in itself a reason to apply the doctrine of forum non conveniens, and we must guard against an excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must often perform."). Accordingly, Defendant's Motion to Dismiss on *forum non conveniens* grounds is **DENIED**.

## VI. Motion to Strike

The Defendant moves to strike paragraphs 5, 56 and portions of 6 of the Complaint. Def.'s Mem. at 23-25.

### A. Legal Standard

Rule 12(f) authorizes the striking of "any redundant, immaterial, impertinent, or scandalous matter." To prevail on a motion to strike, the movant must show "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001). "Whether to grant or deny a motion to strike is vested in the trial court's sound discretion." *Pharmacy, Inc. v. Amer. Pharm. Partners, Inc.*, No. 05 Civ. 776, 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007). "The party moving to strike bears a heavy burden, as court[s] generally disfavor motions to strike." *Siani v. State Univ. of N.Y. at Farmingdale*, 7 F. Supp. 3d 304, 334 (E.D.N.Y. 2014). "In determining whether to grant the motion to strike, a court will deem the non-moving party's well-pleaded facts to be admitted, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike." *Jujamcyn Theaters LLC v. Fed. Ins. Co.*, 659 F. Supp. 3d 372, 383 (S.D.N.Y. 2023).

"Motions to strike are viewed with disfavor and infrequently granted," *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 394 (S.D.N.Y. 2009), and such motions "will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Lennon v. Seaman*, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999). "The Second Circuit has instructed that 'ordinarily' a district court should not 'decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone.'" *Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 559 (S.D.N.Y. 2023) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). "Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided." *Lipsky*, 551 F.2d at 893. To prevail on a motion to strike, the movant must show "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe*, 151 F. Supp. at 510.

**B. Application**

Paragraphs 5, 56 and the relevant portions of 6 of the Complaint can be characterized as various allegations that the Defendant's actions were motivated by racial bias and animus against StratumAI's CEO. Defendant moves to strike because the Defendant claims that the allegations contained therein are "immaterial to Plaintiffs' claims and they are impertinent to any of the disputed issues." Def.'s Mem. at 24. Furthermore, Defendant argues that the allegations "are highly prejudicial to Defendant since they serve no purpose other than to harass him and cast Defendant in an unfairly negative light before the Court." *Id.* at 25. In response, the Plaintiffs argue that the allegations are relevant to Defendant's motive and intent, "elements central to Plaintiffs' defamation, tortious interference, and breach of fiduciary duty claims." Pls.' Opp. at 24.

Here, Defendant has not adequately demonstrated that the allegations contained within the relevant paragraphs have "no bearing on the issues in the case." *Roe*, 151 F. Supp. 2d. at 510. When construing "all reasonable inferences in the nonmovant's favor," *Jujamcyn*, 659 F. Supp. 3d at 377, and "resolv[ing] all doubts in favor of denying the motion to strike," *id.* at 383, it is plausible that the alleged bias and animus bear on at least some of Plaintiffs' claims. *See, e.g.*, *Kshetrapal v. Dish Network, LLC*, 90 F. Supp. 3d 108, 118 (S.D.N.Y. 2015) (declining to dismiss a defamation claim because of evidence of a defendant's animus against plaintiff); *Hassan v. Deutsche Bank A.G.*, 515 F. Supp. 2d 426, 432-33 (S.D.N.Y. 2007) (identifying that a defendant's motive is relevant in deciding a claim of tortious interference). Accordingly, Defendant's Motion to Strike is **DENIED**.

## VII. Motions to Seal

The parties have also moved to seal references to confidential business information filed in connection with a show cause hearing held before the Court on August 4, 2026, and propose redactions to the transcript of that hearing. ECF Nos. 91, 94.

The documents at issue are judicial documents, and are submitted in connection with a motion for relief arising from allegations of a violation of a consent TRO, and thus, a high presumption of public access attaches to the information sought to be sealed and redacted. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006). However, upon review of the documents and proposed redactions, the Court concludes that the interests asserted by the parties, including the protection of sensitive business information, are sufficient to overcome the presumption of public access, and that the proposed redactions are sufficiently narrowly tailored. *See Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022) (competing considerations may include the protection of "sensitive business information," the release of which would cause a litigant "competitive harm."). Accordingly, the motions to seal are **GRANTED**.

## CONCLUSION

In light of the foregoing reasons, the Motion to Dismiss or alternatively to strike is **DENIED**. The Motions to seal are **GRANTED**.

The parties are directed to file a joint status letter within seven (7) days of the date of this Order that: (1) states whether the parties seek a referral to the District's Mediation Program or a settlement conference before the assigned Magistrate Judge; and (2) describes any other matters the parties wish to address.

The Clerk of Court is respectfully requested to terminate ECF Nos. 36, 48, 91, and 94.

SO ORDERED.

Dated: September 28, 2026

New York, New York

DALE E. HO

United States District Judge